U.S. Equities Corp., Appellant,
against
Alexander Nieves, Respondent.




Linda Strumpf, Esq., for appellant.
Alexander Nieves, respondent pro se (no brief filed).

Appeal from an order of the District Court of Suffolk County, Third District (Janine A. Barbera-Dalli, J.), dated February 22, 2018. The order granted defendant's motion to vacate a judgment of that court dated June 29, 2009, entered upon his failure to appear or answer the complaint.




ORDERED that the order is reversed, without costs, and defendant's motion to vacate the default judgment is denied.
In this action to recover for breach of a credit card agreement, the affidavit of service states that defendant was served with the summons and complaint in June 2008, by service upon a person of suitable age and discretion at defendant's dwelling place at a specified address in Brentwood, NY, and by mailing the summons and complaint to that address. Upon defendant's failure to appear or answer the complaint, a default judgment was entered against defendant on June 29, 2009. In January 2018, defendant moved to vacate the default judgment, alleging that he "never had any knowledge of judgment against me."
The process server's affidavit of service constituted prima facie evidence of proper service (see CPLR 308 [2]), and, in order to rebut this showing, defendant was required to submit a sworn, nonconclusory and factually specific denial of service (see Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719, 719 [2014]; Daimler Trust v Ferro, 58 Misc 3d 152[A], 2018 NY Slip Op 50116[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). To the extent that defendant's statement was intended to assert that he had never received the summons and complaint in this action, his conclusory denial of receipt is insufficient to rebut the presumption [*2]of proper service. Therefore, defendant did not establish a reasonable excuse for his default (see CPLR 5015 [a] [1]) or show that service was improper (see CPLR 5015 [a] [4]). Moreover, it is noted that plaintiff's counsel stated that, in 2008, defendant had contacted counsel's office and acknowledged both the receipt of the summons and the debt in question, and defendant has not rebutted that assertion. Consequently, defendant has failed to demonstrate any basis to vacate the judgment.
Accordingly, the order is reversed and defendant's motion to vacate the default judgment is denied.
GARGUILO, J.P., TOLBERT and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 30, 2019